**Beauford WHITE, Petitioner-Appellant,**

v.

**Richard L. DUGGER, as Secretary, Department of Corrections, State of Florida, Respondent-Appellee.**

No. 87–5761.

United States Court of Appeals, Eleventh Circuit.

Aug. 27, 1987.

Stay Denied and Certiorari Denied
Aug. 27, 1987.
See 108 S.Ct. 20.

Larry H. Spalding, Capital Collateral Representative, Billy Nollas, Asst. Cap. Coll. Rep., Tallahassee, Fla., for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., Richard L. Kaplan, Asst. Atty. Gen., Richard L. Polin, Miami, Fla., for respondent-appellee.

Before HILL, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Presently pending in this Court is an application for a Certificate of Probable Cause to appeal from the Judgment of the District Court of the Southern District of Florida denying a writ of habeas corpus. The application is denied.

This Petition was filed with this Court on the evening of August 26, 1987, although as discussed below, the pleadings and supporting materials were lodged with this Court several days previously.

The current appearances on behalf of Petitioner in both State and Federal Court are successive, Petitioner having previously sought relief as described in *White v. Wainwright,* 632 F.Supp. 1140 (S.D.Fla. 1986), *aff'd,* 809 F.2d 1478 (11th Cir.1987).

This time around, on August 19, 1987 Petitioner initially filed a Petition for a Writ of Habeas Corpus and a Motion for Stay of Execution with the Supreme Court of Florida. On August 20, 1987, the Supreme Court of Florida denied the petition and denied the stay. Petitioner then, on August 21, 1987, filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 with the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, seeking to vacate the judgment and sentence imposed on him, and he also moved for an emergency stay of the execution set for 7:00 a.m. on Wednesday, August 26, 1987. By order dated August 22, 1987, Circuit Judge Friedman denied the petition and denied the application for the stay. Immediately thereafter, Petitioner appealed the trial court's denial of relief to the Supreme Court of Florida. By order entered on August 25, 1987, the Florida Supreme Court affirmed the trial court's denial of relief and stay of execution. The Petitioner then filed a Petition for Writ of Habeas Corpus accompanied by a motion to stay execution in the Federal District Court for the Southern District of Florida. The Honorable Stanley Marcus, United States District Judge for the Southern District of Florida, held a hearing on the evening of August 25, 1987, in Key West, Florida. In a carefully reasoned thirty-five page Memorandum Opinion and Order, Judge Marcus denied the Petition on August 26, 1987.

The "second-round" filings described in the preceding paragraph have taken place since the current warrant of execution was signed by the Governor of the State of Florida on June 4, 1987. Under the rules of this Court, our Panel was assigned to this matter at that time, and has since then received, almost contemporaneously with their filing, all of the pleadings and supporting documents filed on behalf of Petitioner in those various courts. Several days ago, extensive pleadings and supporting documents were lodged with our Clerk and furnished to the Panel. They constituted the pleadings that would be filed should the District Court deny relief. While they were not filed until the evening of August 26, 1987, a relatively short time ago, the Judges on the Panel have had them for several days and have been reviewing and studying them since they were lodged. The presentation of Petitioner's claims is extensive and detailed, and we fail to see that oral argument would add to the presentation of these claims.

We have now received and have carefully reviewed the Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus entered by Judge Marcus on the evening of August 26, 1987. It addresses each contention thoroughly and in detail, and comes to the correct result in denying the prayers of Petitioner. The district

judge is to be commended for producing this impressive order, especially in light of the present circumstances of rigid time constraints.

We agree with the district court that the allegedly suppressed materials were available to the attorney at the time of the trial and that Detective Derringer's reference to such information in his testimony at trial put defendant on notice of the existence of such records. We agree with the district court that White's failure to raise this issue in his original federal habeas corpus petition constitutes an abuse of the writ. Although we need not reach the merits of the issue, the district court's discussion of the merits amply demonstrates that the "ends of justice doctrine" does not warrant an exception to the abuse doctrine on this issue.

The claim based on *Tison v. Arizona,* — U.S. ——, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) was presented in the original federal habeas corpus petition and was resolved against White on the merits. Accordingly, it is barred by the successive writ doctrine unless the "ends of justice" warrant an exception. We agree with the District Court that the "ends of justice" do not indicate reconsideration of this issue. The district court found "that the Florida Supreme Court found that White possessed an intent to kill. *See White v. Wainwright,* 632 F.Supp. 1140, 1157 n. 7." We agree with the district court that *Tison* sets forth a standard which is less stringent than the findings previously made in this case.

We agree with the district court that the jury override claim is barred by the abuse of the writ doctrine. While we need not reach the merits, it appears to us that the state-court review of the override was appropriate and constitutionally adequate. We therefore agree with the district court that the ends of justice do not merit review of this claim.

The other claims raised by White are also barred by the abuse of the writ doctrine for the reasons discussed by the district court, and those claims warrant no further discussion here.

Having found that White's claims are barred by the abuse/successive writ doctrine, we also conclude that this result would not be debatable among jurists of reason. Accordingly, the application for a certificate of probable cause is DENIED.

PRIOR TO ENTERING JUDGMENT, THE DISTRICT COURT ISSUED A STAY OF THE EXECUTION OF THE SENTENCE OF DEATH UPON PETITIONER UNTIL 7:00 A.M., EASTERN DAYLIGHT TIME ON FRIDAY, AUGUST 28, 1987. THAT STAY WAS NOT LIFTED BY THE DISTRICT COURT JUDGMENT AND WE CONTINUE IT. IF NOT EXTENDED BY THE UNITED STATES SUPREME COURT, THE STAY SHALL EXPIRE ACCORDING TO ITS TERMS.

Petitioner's motion for emergency stay of execution is DENIED; HOWEVER, as stated above, we do not vacate the stay hereinbefore entered by the district court.

As we have determined that there is no good reason for oral argument, Petitioner's motion for oral argument is DENIED.

The motion for certificate of probable cause having been DENIED, any other motions presently pending are DENIED.